UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61623-CIV-DAMIAN/Strauss

CAROLE ORCHANIAN,

     Plaintiff,

v.

MSC CRUISES S.A.,

     Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 10]

**THIS CAUSE** is before the Court on Defendant, MSC Cruises S.A.'s ("MSC" or "Defendant"), Motion to Dismiss Plaintiff's Complaint, filed November 10, 2025. [ECF No. 10 ("Motion")].

THE COURT has considered the Motion, the parties' memoranda [ECF Nos. 15, 19], the pertinent portions of the record, including the Complaint [ECF No. 1], and all relevant authorities and is otherwise fully advised. For the reasons that follow, this Court finds that the Motion in due to be granted.

### I. BACKGROUND[1]

Plaintiff, Carole Orchanian ("Ms. Orchanian" or "Plaintiff"), alleges that on May 18, 2024, while a passenger on board the MSC Seascape ("Vessel"), she slipped and fell on a "foreign, wet, slippery, and/or transitory substance present on the tile floor surface" as she

---

[1] The facts set forth here are taken from the allegations in the Complaint. [ECF No. 1 ("Compl.")]. For purposes of considering the Motion, the allegations in the Complaint are taken as true and construed in the light most favorable to Plaintiff, the non-movant. *See Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018).

was exiting the elevators in the middle of the Vessel on Deck 18. Compl. ¶ 12. According to Ms. Orchanian, "[t]he dangerous condition was not open and obvious to a reasonable passenger . . . because the dangerous condition was translucent and therefore not immediately detectable through ordinary senses." *Id.* She alleges she sustained injuries to her "body and extremities, including [a] right knee complex medial meniscal tear requiring surgery." *Id.* ¶ 14.

On August 11, 2025, Ms. Orchanian filed a Complaint against MSC, asserting two negligence-related claims: Negligent Maintenance (Count I) and Negligent Failure to Warn (Count II). *See generally id.* In the Motion to Dismiss now before this Court, MSC argues that the Complaint should be dismissed because Ms. Orchanian fails to plausibly plead MSC's actual or constructive notice of the alleged risk creating condition. *See generally* Mot. In the Response, Ms. Orchanian argues that her allegations about (1) the length of time the substance had been present on the floor surface, (2) the "high-traffic area" where she fell establishing a tendency for there to be risk creating conditions causing passengers to slip and fall, (3) MSC's own policies and procedures for cleaning and inspecting such areas, and (4) prior similar lawsuits provide sufficient factual support for her claim that MSC was on notice. *See generally* ECF No. 15 ("Response"). In its Reply, MSC argues that Ms. Orchanian's allegations concerning prior lawsuits are conclusory and lack any details by which constructive notice could be imputed for the particular hazardous condition in this case. MSC further argues that Ms. Orchanian's allegations regarding the "length of time," the existence of internal policies and procedures, and that the area was a "high-traffic area" are all insufficient to establish actual or constructive notice. *See generally* ECF No. 19 ("Reply"). The Motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

Federal Rule of Civil Procedure 8(a)(2) also requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up).

## III. DISCUSSION

### A. Pleading Negligence Claims In Maritime Actions.

Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989). To plead negligence in a maritime tort case, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant

breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "With respect to the duty element in a maritime context, 'a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (quoting *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959)).

This reasonable-care standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe*, 867 F.2d at 1322; *see Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022). "A plaintiff can establish constructive notice by alleging 'that the defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Holland*, 50 F.4th at 1095 (quoting *Guevara*, 920 F.3d at 720; alteration in original). A plaintiff can also establish constructive notice by plausibly alleging that "substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id.* at 1096 (quoting *Guevara*, 920 F.3d at 720).

MSC's Motion turns on whether Ms. Orchanian's allegations regarding the length of time the alleged dangerous condition existed, MSC's inspection and cleaning policies, the nature of the area where she fell being a "high-traffic area," and prior lawsuits against MSC are sufficient to establish actual or constructive notice. For the following reasons, this Court concludes that the allegations as to all four of these issues are insufficient.

4

### B.  Whether Plaintiff Has Pled Actual Notice.

"Actual notice exists when the defendant knows about the dangerous condition." *Holland*, 50 F.4th at 1095. Ms. Orchanian does not allege that MSC or any of its employees specifically knew about the "foreign, wet, slippery, and/or transitory substance" on the tile floor surface adjacent to the elevators in the middle of the vessel on Deck 18 on the date of the incident. Nor does Ms. Orchanian allege that anyone informed MSC of the alleged hazard before she fell. Ms. Orchanian also fails to allege that MSC took any corrective action as to the alleged hazard, such as by placing a warning sign or crew member adjacent to the alleged hazard-creating condition, that might indicate MSC had actual notice. *See Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426, at *6 (S.D. Fla. June 29, 2023) (Altonaga, C.J.) (citing *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020); *Guevara*, 920 F.3d at 720-22; *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1288-89 (11th Cir. 2015)). To the contrary, Ms. Orchanian alleges that there were no "written or orally delivered warnings, appropriate signage, markings, or placement of cones" near the area where she fell. *See* Compl. ¶ 24. Therefore, Ms. Orchanian has not alleged facts demonstrating that MSC had actual notice. Also, there is no allegation that the hazardous condition, the foreign substance on the tile floor surface near the elevators on Deck 18, was created by MSC's employee or that any other facts indicating that an employee "must have actually known" both where the hazardous condition was located and that it posed a substantial danger in that location. *See Higgins v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1303 (11th Cir. 2020). Thus, the Complaint does not include facts demonstrating actual notice on the theory that MSC created the hazard at issue.

### C. Whether The Allegations Regarding Length of Time And Prior Incidents Are Sufficient To Plausibly Allege Constructive Notice.

As set forth above, a plaintiff may sufficiently allege constructive notice by alleging that the hazardous condition existed for a sufficient amount of time to invite corrective measures or by alleging substantially similar incidents involving conditions similar to those that caused the incident in the plaintiff's case. Initially, this Court agrees with MSC that the barebone allegations in the Complaint regarding the foreign substance on the tile floor surface near the elevators on Deck 18 do not plausibly show that the alleged hazard had been present "for a sufficient period of time such that [MSC] should have been aware of it or tend to show that the [foreign substance] was on the [floor surface] for an amount of time sufficient to impute constructive notice to [MSC]." *Holland*, 50 F.4th at 1096.

In the Response, Ms. Orchanian does not address how her allegations plausibly show that the foreign substance was on the tile floor surface for a sufficient amount of time such that MSC should have been aware of it. Ms. Orchanian provides no factual allegations regarding how long this condition allegedly existed prior to the accident. Similarly, there are no allegations in the Complaint regarding any specific characteristics about the foreign substance on which she slipped, or the surface conditions adjacent to the foreign substance, that would indicate that it was on the tile floor for a sufficient amount of time. The sole allegation in the Complaint describing the foreign substance is in a sentence disclaiming the open and obvious nature of the dangerous condition because it was "translucent and therefore not immediately detectable through ordinary senses." Compl. ¶ 12. In short, Ms. Orchanian has not plausibly alleged facts showing that the foreign substance was present on the tile floor surface near the elevators for a sufficient period of time such that MSC should have known about it such that it would have had constructive notice of it.

6

The Court then turns to Ms. Orchanian's allegations of "substantially similar slip-and-fall incidents." She alleges the following six prior incidents that occurred on the same vessel or on MSC's other vessels within the same class of ships:

a. *Guerra v. MSC Cruises, S.A.*, No. 23-cv-23366. The plaintiff was exiting an elevator on Defendant's "Seashore" vessel when they slipped and fell on a wet, slippery, foreign, and/or transitory substance on the floor surface after exiting the elevator on Deck 8, causing them to sustain personal injuries. This incident occurred on September 8, 2022.

b. *Wray v. MSC Cruises, S.A.*, No. 22-cv-20504. The plaintiff, upon exiting the elevator on Defendant's "Seashore" vessel, slipped and fell on a wet, slippery, foreign, and/or transitory substance on the floor surface, causing them to sustain personal injuries. This incident occurred on December 3, 2021.

c. *Diane Jackson v. MSC Cruises, S.A.*, No. 24-cv-21577. The plaintiff was walking near the elevator by the spa on Deck 8 of Defendant's "Seascape" vessel when she slipped on a wet, slippery, foreign, and/or transitory substance on the floor surface, causing her to sustain personal injuries. This incident occurred on December 31, 2022.

d. *Lomuto-Stinsman v. MSC Cruises, S.A.*, No. 24-cv-62110-WPD. The plaintiff was exiting an elevator on Deck 14 of Defendant's "Meraviglia" vessel when she slipped and fell due to a wet, slippery, foreign, and/or transitory substance on the marble floor surface in front of the elevator, causing her to sustain personal injuries. This incident occurred on August 8, 2023.

. . .

f. *Rolfs v. MSC Cruises, S.A.*, Case No. 24-20695-DSL. The plaintiff was walking near the elevators on Defendant's "Seascape" vessel when they slipped and fell due to a wet, slippery, foreign, and/or transitory substance on the floor surface, causing them to sustain personal injuries. This incident occurred on April 23, 2023.

g. *Chang v. MSC Cruises, S.A.*, Case No. 24-cv-62397-WPD. The plaintiff was walking near the elevators in the middle of the vessel on Deck 8 of Defendant's "Seashore" vessel when she slipped and fell due to a wet, slippery, foreign, and/or transitory substance present on the marble

floor surface, causing her to sustain personal injuries. This incident occurred on December 4, 2023.

Compl. ¶ 13. From the six incidents, two occurred on the same vessel, MSC's Seascape, and of those two incidents, one occurred near the elevators by the spa on a different deck and it is not clear on which deck the second incident occurred. *See id.* ¶¶ 13.c, 13.f. All the cases cited in this paragraph involve generic falls on a "wet, slippery, foreign, and/or transitory substance." *See id.* ¶ 13.

In her Response, Ms. Orchanian argues that she has pled "very factually specific allegations of prior incidents supporting the allegations of negligence by [MSC]." Resp. at 3–4. But, as MSC points out, Ms. Orchanian merely "provides names, dates, case numbers and vessel names" for the six prior incidents. Reply at 3. That is, she "fails to allege facts that make the connection between her alleged accident and the cited incidents beyond the fact that all the incidents were slip and falls on [floor surfaces near the elevators of an MSC] ship." *Pollard v. Carnival Corp.*, No. 24-cv-20497, ECF No. 25, Order Granting Motion to Dismiss (S.D. Fla. Oct. 11, 2024) (Martinez, J.). Ms. Orchanian nonetheless contends that she has alleged "six prior incidents, either on the Seascape or sister ships, where a passenger was exiting an elevator or walking near or in front of an elevator on the ships when they slipped and fell on foreign and/or transitory substances on the floor."[2] She argues that the alleged prior incidents are sufficient to "establish the 'reasonable tendency' for there to be a foreign, transitory substance in those areas and for passengers to slip and fall." Resp. at 5. However, Ms. Orchanian does not set forth specific factual allegations that indicate or suggest that the incidents are substantially similar, such as the type of substance she fell on, the length of time

---

[2] Ms. Orchanian acknowledges that the incident cited in paragraph 13.e, *Paige v. MSC Cruises, S.A.*, does not appear to be in a similar area to her slip and fall. *See* Resp. at 5, n.1.

the substance was present, or the type of floor surface on which the substance was present. Rather, she simply includes the case styles and general information indicating the individuals fell on liquid on floors near elevators and alleges in a conclusory fashion that the cases are similar. While it is possible that these cases are substantially similar, Ms. Orchanian has not included sufficient facts from which to determine if they are, and it is not for this Court to fill in those blanks for her. *See Reyes v. Royal Caribbean Cruises Ltd.*, No. 24-cv-20542, 2025 WL 560637, at *3 (S.D. Fla. Feb. 7, 2025) (Martinez, J.) ("A district court cannot and will not fill in the blanks for an argument that plaintiffs have not developed.").

To be clear, "the prior similar incidents needn't be identical to survive a motion to dismiss," but the allegations must go beyond mere conclusory recitals and need to at the very least identify the deck/location (*e.g.*, pool deck), type of hazard (*e.g.*, water), name of the vessel or vessel class if the vessel is different, and any other details that show that the incidents are substantially similar. *See Spotts v. Carnival Corp.*, 711 F. Supp. 3d 1360, 1366 (S.D. Fla. 2024) (Altman, J.). The allegations in the Complaint do not do so and are, therefore, insufficient to show constructive knowledge based on prior incidents.

Therefore, Ms. Orchanian does not plausibly allege facts demonstrating MSC's constructive notice based on her allegations relating to the length of time the dangerous condition was present or those regarding prior similar incidents.

### D. Whether The Allegations Regarding The Risk-Creating Condition Being Present In A "High-Traffic Area" And MSC's Policies And Procedures Are Sufficient To Plausibly Allege Constructive Notice.

Ms. Orchanian also alleges that MSC had constructive notice because the dangerous condition was in a "high traffic area such that [MSC] knew or should have known of the likelihood of foreign, wet, slippery, and/or transitory substances forming due to spills or

otherwise." Compl. ¶ 13. The Eleventh Circuit has held that such factual allegations, without more, are insufficient to establish constructive notice. *See Newbauer v. Carnival Corp.*, 26 F.4th 931, 935–36 (11th Cir. 2022) ("[The plaintiff] alleged in her complaint that Carnival had constructive notice of the wet substance on the deck because it was in a 'high traffic dining area,' but she failed to provide any factual allegations supporting the notion that high traffic in the area gave Carnival notice of the condition . . . . Likewise, [the plaintiff] failed to allege a sufficient factual basis to support her conclusory allegation that Carnival had actual or constructive knowledge of the hazard based on the 'regularly and frequently recurring nature of the hazard in that area.'"); *see also Holland*, 50 F.4th at 1095–96 (holding the allegation that "the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies" was insufficient to plausibly allege notice). Courts in this District have found similar allegations insufficient to establish notice. *See Kendall v. Carnival Corp.*, No. 1:23-cv-22921-KMM, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (Moore, J.) (finding the allegation that "Defendant had notice of the allegedly dangerous condition because of the length of time the surface had existed in a high traffic area of the ship" was insufficient to establish notice) (internal quotation omitted); *Colarte v. Carnival Corp.*, No. 1:24-cv-22203, 2024 WL 4124295, at *7 (S.D. Fla. Aug. 23, 2024) (Goodman, Mag. J.), *report and recommendation adopted*, 2024 WL 4122238 (S.D. Fla. Sept. 9, 2024) (Williams, J.) (finding the allegation that "Carnival knew of the dangerous condition through other passengers on Defendant's ships [that] have previously been injured under similar circumstances" was insufficient to establish notice) (internal quotation omitted).

As to Ms. Orchanian's remaining allegations, that MSC was on notice of the alleged dangerous condition based on its own policies and procedures requiring inspection and

cleaning of the area where she fell, "[t]he mere allegation that a defendant had developed safety standards applicable to the site of an alleged injury is insufficient to survive a motion to dismiss, even when coupled with allegations of prior similar incidents." *Wheeler v. MSC Cruises, S.A.*, No. 25-cv-60384, ECF No. 17, Order on Motion to Dismiss (S.D. Fla. July 28, 2025) (Leibowitz, J.); *see also Holland*, 50 F.4th at 1095 (affirming dismissal where plaintiff alleged that prior similar slip and fall incidents on a staircase were "frequent" and that safety agencies had "developed safety standards applicable to the staircase"); *Watson v. Carnival Corp.*, No. 1:24-cv-21019, 2024 WL 4137299, at *12 (S.D. Fla. Aug. 21, 2024) (Goodman, Mag. J.), *report and recommendation adopted*, 2024 WL 4132931 (S.D. Fla. Sept. 10, 2024) (Williams, J.) (applying *Holland* to dismiss case where plaintiff alleged that the defendant's "internal safety materials . . . demonstrate[d] 'a reasonable tendency for the type of hazard at issue'"). Ms. Orchanian offers nothing to explain how MSC's policies and procedures would have given it notice here.

Based on the above standards, the allegations here fall short. Therefore, Ms. Orchanian does not plausibly allege facts demonstrating MSC's constructive notice based on her allegations that the dangerous condition was present in a high traffic area or those regarding MSC's inspection and cleaning policies and procedures.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that Plaintiff, Carole Orchanian, has not sufficiently alleged facts sufficient to support a theory of MSC's actual or constructive notice of the condition that allegedly caused her slip-and-fall.

However, it is possible that a more carefully drafted complaint including additional factual support might sufficiently establish MSC's actual or constructive notice. "Generally,

11

where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (cleaned up).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint **[ECF No. 10]** is **GRANTED**.

The Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. In the event Plaintiff intends to file an Amended Complaint, she shall do so **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 4th day of June, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record

12